## Keystone Automobile Finance Company *v.* Williams et al., Appellants.

*Replevin—Act of April 19, 1901, P. L. 88, section 3—Right of third party to intervene.*

In an action of replevin, under the provisions of section 3 of the Act of April 19, 1901, P. L. 88, the court may grant leave to any person, upon affidavit filed that the goods replevied belong to him,

to intervene as a party defendant. But in the absence of an allegation that the chattel replevied belongs to the petitioner, the petition will be dismissed.

Where a sheriff in replevin proceedings erroneously named the wrong person as the party in possession, the right party cannot be made a party defendant without setting forth that the goods in question belong to him.

In such case, the court below, on proper proof, will allow the sheriff's return to be amended so as to accord with the facts, and the party will be afforded an opportunity to litigate the validity of his alleged claim. It cannot be done on a rule to intervene as a party defendant.

Argued October 8, 1923. Appeal, No. 168, Oct. T., 1923, by John R. Kammerer, from judgment of C. P. No. 3, Phila. Co., March T., 1922, No. 3591, discharging rule to show cause why he should not be permitted to intervene as party defendant in the case of Keystone Automobile Finance Company v. Charles B. Williams, Defendant, and John R. Kammerer, Intervening Defendant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin to recover possession of automobile. Before FERGUSON, J.

Rule to show cause why petitioner should not be permitted to intervene as party defendant.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Petitioner appealed.

*Error assigned* was the order of the court.

*J. Verner Harold,* and with him *Graham* and *Garaguso,* for appellant.—Under the circumstances the appellant had a right to intervene: Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; Haak v. Linderman, 64 Pa. 499; Stadfeld v. Huntsman, 92 Pa. 53; Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332; Barlow v. Fox, 203 Pa. 114; White v. Gunn, 205 Pa. 229.

*Joseph W. Henderson,* and with him *Francis Rawle,* for appellee, cited: American Car & Foundry Company v. Altoona & Beech Creek R. R. Company, 218 Pa. 519; Stiles v. Seaton, 200 Pa. 114; Lippincott v. Scott, 198 Pa. 283; Meyers & Bro. v. Bratespiece, 174 Pa. 119; Bankers Commercial Security Company, Inc. v. Brennen & Levy, 75 Superior Ct. 199.

OPINION BY KELLER, J., November 19, 1923:

The Act of April 19, 1901, P. L. 88, (with its amendments), regulates the practice in actions of replevin. It provides, (Section 2) : "If any other person than the defendant named in the writ be found in possession of the goods and chattels he shall be duly served with the writ, and his name added as a party defendant to the cause. The writ shall command the sheriff to serve the party in possession, as well as the defendant named." It also provides, (Section 3) : "The court may grant leave to any person, upon an affidavit filed that the goods and chattels so replevied belong to him, to intervene as party defendant in such suit;" etc.

The automobile in suit was, at the time of the issuing and service of the writ in this action, in the possession of the appellant, John R. Kammerer, a garage keeper, who claimed a lien upon it for storage and repairs. It appears that, by some error, the sheriff made return that the car was found in the possession of Frank Kammerer, (appellant's brother), and summoned him as a party defendant, although he was not the owner or proprietor of the garage and not in possession of the automobile replevied. Instead of securing the amendment of the sheriff's return,—after satisfying him that an error had been committed—,appellant proceeded under section 3 of the act above for leave of court to permit him to intervene as party defendant in the action; but as he failed to allege that the chattel replevied belonged to him, the court had no authority to grant such leave.

We have no doubt that upon proper proof that an error was committed as to the baptismal name of the party in possession of the automobile, and that his name was John R. Kammerer, instead of Frank Kammerer, the court below will permit the sheriff's return to be amended so as to accord with the facts, and the appellant will then be afforded an opportunity to litigate the validity of his alleged lien as against the plaintiff in this action. It cannot be done on a rule to intervene as a party defendant claiming ownership.

The order is affirmed.