Stern and Company, Appellant, *v.* Bitting et al.

Argued October 17, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George S. Ellis,* and with him *David H. Kinley,* for appellant.

*I. Finkelstein,* and with him *David S. Malis,* for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

The plaintiff issued a writ of replevin against Harry L. Bitting, to recover possession of certain articles of furniture, title to which the plaintiff alleged to be in it. The furniture was, at the time, in the building owned by the Malvern Hall Apartments, Corporation; and, as alleged by that corporation, was subject to a distress for rent due and unpaid. The sheriff served the writ on the defendant and one Harry Beckerman, in possession of the property as set forth in the sheriff's return. The goods were delivered to the plaintiff by the sheriff under the writ; judgment was taken by default against Beckerman for want of an affidavit of defense and against Bitting for want of an appearance. Afterwards the Malvern Hall Apartments Corporation filed a petition for a rule on the plaintiff to show cause why the return of the sheriff to the writ should not be amended to include Malvern Hall Apartments Corporation as the party in whose possession the goods and chattels were found, and to add the name of such corporation as a defendant. The sheriff joined in the prayer to amend his return. The rule to amend was subsequently made absolute, and from that order we have this appeal.

On the facts set forth in the petition to amend, not specifically contradicted by the appellant, it was the duty of the sheriff to include the Malvern Apartments as a party defendant, and the sheriff asked to amend the record to that effect. The authority of the court to allow the amendment is supported by Keystone

Automobile Finance Co. v. Williams, 82 Pa. Superior Ct. 109, and numerous other cases.

The sheriff recognizes the fact that the property seized was in the possession of the Apartment Corporation, and that there was an omission to return it as a party defendant. In justice to him, and in view of the fact that an appearance was entered for the Apartment Corporation, on which no subsequent pleadings were served, the action of the court was within the judicial power.

We regard the order complained of as being interlocutory from which an appeal is not now permissible. As the record stands the question is pending with respect to the right of the Apartment Company to contest the plaintiff's claim to the property replevined.

The appeal is therefore premature.

The motion to quash the appeal is therefore sustained at the cost of the appellant.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.